UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., : | |
| : | Civil Action No. 11-4920 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| CLINTON COMMERCIAL : | |
| DEVELOPMENT, LLC et al. : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

  This matter comes before the Court upon the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Plaintiff Ramada Worldwide Inc. ("Ramada"). For the reasons that follow, this motion will be granted in part and denied in part.

  This case arises from a dispute between a franchisor, Ramada, and a franchisee, Clinton Commercial Development, LLC ("Clinton"), over an alleged breach of the franchise agreement. It is undisputed that Defendant Angelo Jones ("Jones") executed a Guaranty agreement as backstop for Clinton. Ramada has moved for summary judgment on three claims in the Complaint: 1) against Clinton, liability for breach of the franchise agreement (Second Count); 2) against Clinton, liability for unjust enrichment (Third Count); and 3) against Jones, liability for breach of the Guaranty agreement (Fourth Count).

  Ramada, as the moving party bearing the burden of proof of these three claims at trial, moves for summary judgment by pointing to evidence which, if not controverted, could persuade

a reasonable jury to find in its favor at trial. "When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." (Id.)

Defendants do not dispute the basic facts asserted by Ramada in support of this motion: Ramada and Clinton executed a valid franchise agreement, and Clinton breached it. Instead, Defendants oppose the motion by asserting three defenses to liability, waiver, estoppel,[1] and material breach, contending that material factual disputes related to these defenses preclude a grant of summary judgment.

Defendants begin by arguing that Ramada cannot meet its summary judgment burden because it has not addressed any of Defendants' affirmative defenses. This is incorrect. Ramada's opening brief addresses the affirmative defenses on page 6 and asserts that they are unsupported by the record. This satisfies the movant's initial burden: "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317,

---

[1] The opposition brief does not present any argument to support the affirmative defense of estoppel.

325  (1986).  Ramada has met this initial summary judgment burden, and the burden now shifts to Defendants to offer evidence supporting the affirmative defenses: "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

As to the affirmative defenses, Defendants first address material breach, contending that they were discharged from the obligations of performance by Ramada's material breaches of the franchise agreement.  In reply, Ramada argues that, under New Jersey law, Defendants could not declare the contract breached and their obligation to perform discharged, but continue to receive the benefits of the franchise agreement:

> The fact that the defendant has been guilty of substantial breaches of essential obligations under the contract would ordinarily give the plaintiff the right to deem itself discharged from further performance and to sue the defendant for damages under the contract. But this is not always the injured party's only course of action. In a case of a material breach of contract which does not, however, indicate any intention to renounce or repudiate the remainder of the contract the injured party has a genuine election offered him of continuing performance or of ceasing to perform, and any action indicating an intention to perform will operate as a conclusive choice, not indeed depriving him of a right of action for the breach which has already taken place, but depriving him of any excuse for ceasing performance on his own part.

Frank Stamato & Co. v. Lodi, 71 A.2d 336, 339 (N.J. 1950).[2]  Thus, under Stamato, a contracting party alleging material breach by the counterparty must make "a genuine election . . . of continuing performance or of ceasing to perform, and ***any action indicating an intention to***

---

[2] See also S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 376 (3d Cir. 1992):

> Under basic contract principles, when one party to a contract feels that the other contracting party has breached its agreement, the non-breaching party may either stop performance and assume the contract is avoided, or continue its performance and sue for damages. Under no circumstances may the non-breaching party stop performance and continue to take advantage of the contract's benefits.

*perform will operate as a conclusive choice*." Id. (emphasis added.)  Defendants contend that Ramada's material breaches occurred throughout the term of the franchise agreement, but have offered no evidence that, prior to their termination of the agreement in 2008, they took any action to repudiate the agreement.  Rather, the undisputed evidence shows that, from 2001, when Clinton assumed the franchise agreement, and 2008, Clinton operated as a Ramada franchisee.  The continuous performance as a Ramada franchisee during the period in which Clinton alleges that Ramada materially breached the contract operates as an election under New Jersey law: Clinton elected to continue to perform under the contract, and may not now argue that Ramada's breaches discharged its subsequent obligations of performance.  Rather, under Stamato, this election deprived Clinton of any excuse for ceasing performance.  Id.  Defendants have failed to persuade that they are entitled to the affirmative defense of discharge of obligation of performance by the counterparty's material breach.[3]

Defendants next assert the affirmative defense of waiver, but point to no evidence that Ramada ever agreed to waive anything.  Defendants base their argument on an internal document produced by Ramada during discovery, with the heading "Financial Services Notes," which contains this notation: "This Seller Responsible for Past A/R until long term agreement is executed."  (Guarino Cert. Ex. E.)  Defendants argue, "Ramada expressly waived its right to seek recovery . . ."  (Defs.' Opp. Br. 9.)  Yet Defendants have only pointed to an ambiguous note in an internal document.  The franchise agreement contains specific language regarding waivers and modifications:

---

[3] The same reasoning applies to Defendants' argument that Ramada breached the implied covenant of good faith and fair dealing.

> 17.2  **Waivers, Modifications and Approvals**.  If we allow you to deviate from this Agreement, we may insist on strict compliance at any time after written notice.  Our silence or inaction will not be or establish a waiver, consent, course of dealing, implied modification or estoppel.  All modifications, waivers, approvals and consents of or under this Agreement by us must be in writing and signed by our authorized representative to be effective.

(Fenimore Aff. Ex. A at 18.)  This Court need not resolve the ambiguity of the Financial Services Note cited by Defendants because it is not signed by an authorized representative and therefore cannot be effective as a waiver or modification, pursuant to § 17.2 of the franchise agreement.  Defendants have failed to offer any evidence to support the affirmative defense of waiver.

As to the issue of Clinton's liability under the contract, Ramada has shown that it is entitled to judgment as a matter of law, and Defendants have failed to raise any material factual dispute.  As to the Second Count, for breach of contract, the motion for summary judgment will be granted, and judgment of liability will be entered in Ramada's favor.  Because this Court has found Defendants liable for breach of contract, it need not reach the unjust enrichment claim, and, as to the Third Count only, the motion for summary judgment will be denied as moot.

Lastly, Defendants argue that Jones has no liability under the Guaranty agreement because Clinton has no liability under the franchise agreement.  Because this Court has determined that Clinton is liable for breach of the franchise agreement, Jones is liable as guarantor.  As to the issue of Jones' liability as guarantor, Ramada has shown that it is entitled to judgment as a matter of law, and Defendants have failed to raise any material factual dispute.  As to the Fourth Count against Defendant Jones, for liability as guarantor, the motion for summary judgment will be granted, and judgment of liability will be entered in Ramada's favor, against Defendant Jones.

For these reasons,

**IT IS** on this 26th day of September, 2016, hereby

**ORDERED** that Ramada's motion for summary judgment (Docket Entry No. 84) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to the Second Count of the Complaint, the motion for summary judgment is **GRANTED**, and Judgment of liability on the Second Count is hereby entered in Ramada's favor; and it is further

**ORDERED** that, as to the Fourth Count of the Complaint, the motion for summary judgment is **GRANTED**, and, as to Defendant Jones only, Judgment of liability on the Fourth Count is hereby entered in Ramada's favor; and it is further

**ORDERED** that, as to the Third Count of the Complaint, the motion for summary judgment is denied as moot.

                                                s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J